The court now calls 1-1-5-6-3-8, People of the State of Illinois v. Peter Hommerson. Parties ready to proceed? Aye. Proceed. Good morning, Your Honors. Counsel, may it please the Court. I'm Kathleen Hamill, and I'm representing the petitioner, Appellant Peter Hommerson. Mr. Hommerson stands convicted of two counts of first-degree murder. The appellate court affirmed his convictions and also his natural life sentence. Subsequently, he challenged his convictions and opposed, say, collateral attack under the Post-Conviction Hearing Act. He filed it, and it was merrily dismissed at the first stage, based solely on the circuit court's finding that he failed to comply with the requirements of Section 122-1B in that his petition was not verified by affidavit. Under the Act, the Court, after a – once a petition – under the Act, once a petition is filed, the Court has 90 days – or docketed – the Court has 90 days in which to review it to determine whether or not it is frivolous or patently without merit. If a petition is not dismissed within 90 days of its docketing, it proceeds to the second stage. In our briefs, we argue first that the failure to include a verifying affidavit with a pro se petition is not a proper ground for first-stage dismissal. And we second ask that, as a remedy, Mr. Hommerson's case be remanded for second-stage post-conviction proceedings. The State has not defended the second district appellate court majority's holding in this case, where they found that the lack of a verifying affidavit was a proper ground for first-stage dismissal. I believe their position on this appeal makes sense. The majority of Illinois appellate courts that have addressed the same question have rejected the analysis and the result in the case that is now before you, as well as in People v. Carr and People v. McCoy, which are two other cases that the second district appellate court has issued, finding that first-stage dismissal is appropriate where there is simply no affidavit. We are asking Your Honors to adopt the analysis in the first district's decision in People v. Henderson, which is actually consistent with this Court's own holdings in the area of post-conviction law so far. Henderson is grounded on this Court's repeated recognition that, at the first stage, the circuit court should consider only the substantive merits of a petition and should ignore the procedural defects, such as in People v. Beauclair, where Your Honors held that untimeliness was not a proper ground for first-stage dismissal. In fact, under this Court's decisions construing the Post-Conviction Hearing Act, a body of law has arisen which recognizes that a pro se petition can be technically incomplete in both form and content and still survive first-stage review. The allegations are to be construed liberally. The factual allegations are to be taken as true. In People v. Edwards, this Court recognized that the petitioner does not have to include legal citation or even every relevant fact to his claim. All he really has to have is enough to allow the circuit court to make a determination that the petition states the gist of a claim of constitutional error. Counsel, what's wrong with the pre-stage 1 dismissal without prejudice, when there isn't an affidavit filed? There are several problems. The first problem, probably the main problem that is wrong with that, is that there is no statutory authority for that procedure. What there is, in our Act, the Act does authorize two types of independent review. In addition to that, 122.1b provides that a post-conviction proceeding is commenced by the filing of a petition verified by affidavit. So couldn't somebody argue that the entire proceeding is not commenced and therefore the 90 days doesn't begin to run until there is a verified affidavit? Well, it's true that it does say that, but it also says that a petitioner has to serve a copy on the state's attorney and other such rules. I think what we have here is originally, before 122-2.1 was enacted, the Act didn't really address the problems that are presented by pro se pleadings that are filed by indigent people who are incarcerated. 122-1 kind of changed the game. What it did is it made this a hybrid Act. It made it an Act in which we recognize that pro se indigent prisoners are not in a position to meet all the requirements that exist for people who try to make filings in court. And so what we do is we give them a little slack, basically. We allow them to file a pleading which does not necessarily conform, that doesn't necessarily cite the law, that doesn't necessarily cite every relevant fact, but that cites enough to enable a court to determine whether he has stated the gist of a claim. If we dismiss petitions based on the absence of an affidavit, we are putting an indigent prisoner in the position of having to obtain timely access to a notary, which he may or may not be able to do in his facility, depending. I've tried to make informal inquiries among my clients. In some institutions, people can get to notaries. In others, they can't. And sometimes they can some years and they can't other years. The Department of Corrections would then be put in the position of having to make sure that there is always a notary available to anybody who needs to file or wants to file a post-conviction petition. The other problem with this is that we can't assume that all indigent people will even understand what it means to be verified by affidavit. Our statute doesn't give any more information about this affidavit than that. There's no little form built into our act. There's really no opportunity for the petitioner to come to an understanding as to what that means. And I believe Mr. Harmerson may be a case in point. In his petition, which is now before this Court, he not only didn't have a 121-1B affidavit, he doesn't even have a signature line. He's obviously struggling with form, but he has content. He has plenty of content. The other thing with this is that if we're going to dismiss without prejudice, as the State suggests... When you say no signature line, does that mean he didn't sign it? He did not sign it. Is it a petition? Well, I say it is because 122-2.1 doesn't require it to be a petition in the sense of a complete formal pleading. What it is is a voice from the Department of Corrections, a written plea that a constitutional error occurred in my case. And this is to allow the Court to have a chance to ensure that justice has been done and to ferret out cases in which it is not. Not that different from the letter written by Gideon. The other problems that are presented by dismissing without prejudice, particularly the way the State has suggested it, which would be where the trial court would specify an amount of time in which to refile, is that the court would have to figure out how to determine how much time and whether, you know, would we give more time to somebody who filed early in the close-to-nine-month period that petitioners have in which to file, or what do we do with the person who files on the very last day? You know, it becomes actually it could be a device to extend the amount of time in which to file. I don't know if this really applies or not, but Section 122-5 allows the Court to extend the time for filing amended pleadings and to request amended pleadings be filed, all sorts of things. But the one thing that it says the Court cannot do, and this arguably does apply at the second stage, but I believe it. I know Justice Freeman has posited that this should be interpreted as applying to all aspects of the Post-Conviction Hearing Act, that in the second half of 122-5, it says that the Court cannot extend the time for the original filing. And the State's proposition would seem to go contrary to that. On top of it, the most important thing, though, is that by requiring compliance with the affidavit requirement in the original filing, we would be imposing an obstacle to many prisoners' efforts to file a pro se APC. And that would defeat the purpose of the Post-Conviction Hearing Act, because our whole idea here, the whole act exists for us to be able to find injustices that are to ensure that there is no injustice that occurred off the record and to allow indigent people to bring these things to the Court's attention in a timely fashion and to impose a procedural, formal obstacle. It would serve no good purpose. The petition does, or rather, the affidavit does not contribute to a Court's decision as to whether or not a petition is frivolous or patently without merit. It has nothing to do with the factual allegations. It has to do with whether or not the claims are brought truthfully and in good faith. This is a thing that should accompany all legal filings. And we're not saying that it shouldn't accompany a petition, a post-conviction petition as well, but we're saying it doesn't need to be there at the time of the initial filing. It has, it can't contribute to the trial court's assessment of whether or not the substance of the claims are frivolous or patently without merit. But doesn't an affidavit verify the truthfulness of what's stated? It verifies that the claims are brought truthfully and in good faith. However, in People v. Collins, this Court recognized that that was not the same as the corroborating affidavit that's required under 122-2. And that affidavit indicates whether or not the claims are arguable in fact, whether or not they're likely to be able to be supported by facts if this thing is allowed to go forward. If the 121-1B affidavit served to verify the truth of all of the claims in the petition, we really wouldn't need 122-2. In fact, we wouldn't even need an evidentiary hearing. So what it actually verifies is mostly good faith. And by truthfully that the petitioner, as far as he knows, is true. But it has nothing to do with the truth of the claims themselves. That has to be determined at an evidentiary hearing. I suppose at this point I should briefly address our position regarding the appropriate relief, should Your Honors agree with me. We again turn to the plain language of 122-2.1, which says that the Court has 90 days in which to determine whether the petition is frivolous and that if it's not dismissed in the 90 days, it must be set for second date statement. In this case, well over 90 days have passed since Mr. Homerson's petition was docketed. His petition was not dismissed as frivolous. And therefore, we say that his cause should be remanded for second stage proceedings. And as we noted in our brief, this is consistent with the way Your Honors afforded relief in People v. Beauclair. There, there were three consolidated cases. In one of them, the trial court dismissed the petition as frivolous. However, the appellate court affirmed solely on its own finding that the petition was untimely. In the other two, the trial court dismissed as untimely and the appellate court reversed and remanded the causes for second stage proceedings. So in the first case, where the trial court actually did make a finding of frivolousness, the relief was to send the case to the appellate court for appellate review of the frivolousness finding. But in the other cases where the trial court never made the finding of frivolousness within 90 days of the docketing of the petition, the cases were remanded for second stage proceedings. So we believe that would be the appropriate relief in our case as well. Thank you. We do ask that Mr. Emerson's order dismissing his petition be reversed and that his cause be remanded for second stage proceedings. Counsel for the appellate. Mr. McLeish. Good morning, Your Honors, Counsel. My name is Brian McLeish. I'm here with the Illinois Attorney General's Office on behalf of the people of the State of Illinois. 122-1B provides that post-conviction proceedings shall be commenced by the filing of a verified petition. But under defendant's reading of the statute, no rational defendant would comply with 122-1B. There's essentially no consequence for failure to comply. Once it gets to second stage proceedings, counsel is appointed and counsel has a statutory act, I'm sorry, a duty based on the Supreme Court rules to amend the petition as necessary to present the petitioner's claims. And certainly one of those amendments would be an affidavit, a verifying affidavit. And on the other side, if counsel or petitioner does comply with the rule, he risks a perjury prosecution if he has lied in the petition or if he later says something under oath that is inconsistent with the petition. I'm not here to debate the likelihood of that risk, but there is something on the other side and no downside for failing to comply. It is unreasonable to infer from the General Assembly's language that it's unreasonable to believe that the General Assembly would include this provision while at the same time creating no incentive for a defendant to comply where a defendant has a counter incentive not to comply. And I would note that under the ordinary civil rules, there is no verifying affidavit requirement. So this seems to be something of a deliberate choice that there's something about the post-conviction proceedings that the General Assembly believes that a verifying affidavit is necessary where it's not necessary under the ordinary civil rules. So there must be some consequence before the second stage proceedings. The question then is what consequence did the General Assembly intend? And I will start by saying that this Court need not decide in this case whether the 90-day clock starts based on the filing of an unverified petition. However, I could understand that it might want to do that. In this case, the petition was dismissed within the 90 days. However, we could certainly argue that because the 122-1B says a proceeding shall be commenced by the filing of a verified petition in the right circuit court that proceedings are not commenced and the 90-day clock should not begin if those requirements are not met. Alternatively, in the ordinary case when there's or it's often the case when there's conditions upon filing, such as service of process, that dismissal without prejudice is the appropriate remedy. And under the civil rules, this Court's rules say that if a petitioner has not or if a plaintiff has not diligently served or diligently tried to serve a defendant, then eventually the... Mr. McLeish, Ms. Hamel makes a pretty interesting point, though, doesn't she, that we are opening up a whole new can of worms to new issues to be raised for years about this procedure? And wouldn't it be more prudent, since we already have the full, clear framework, to just treat all non-jurisdictional procedural defects the same? It might be more convenient in this case, in the case of unverified petitions. However, it would contradict the language of the statute and the clear legislative intent. But it would not necessarily be more convenient in the case of petitions filed in the wrong circuit court. And that's right there in the exact same statutory provision. And defendant has said, well, there's no statutory basis for dismissing an unverified petition without prejudice, but a petition filed in the wrong circuit court, well, you could just transfer. There's no statutory provision for that either, and there's no statutory provision for dismissing that without prejudice. We could imagine a petitioner or a defendant who files a petition that's written in dried toothpaste. And we could imagine a petitioner or a defendant who files a petition that's written in dried toothpaste. This is something that our office has seen before in some prisoner litigation context. It's maybe not frivolous or patently without merit, but if it's illegible, does it have to go to second stage proceedings? These questions already exist, and there's a can of worms to be opened in either direction. You propose a new rule, I guess it's called pre-second stage dismissal. And it can be refiled within a specified time. Who determines what that specified time is? The trial court. And we write up. Isn't that a job for the legislature? The legislature could do that. However, it has not done so. What it has done is given. If the legislature does not act, the judiciary can step in. When the legislature provides a statutory requirement, we can infer that the legislature wants defendants and petitioners to comply with that. And there should be some consequence to encourage compliance. And so, yes, in those cases, just like with service of process, in some cases the legislature is not given in the ordinary civil context an exact remedy. And this Court has fashioned a Supreme Court rule that the complaint may be dismissed without prejudice if the plaintiff is not diligent in serving process. So, yes, and the trial court can determine the appropriate length of time. This is something that we let trial courts do all the time. I'm sorry. We trust the trial courts to manage their dockets. And that's exactly the type of function that the trial court should be doing. There's a court that's indicated, I think it's People v. Henderson, that petitioners may lack the ability to have their post-conviction petitions notarized, not because they are pro se litigants, but because they are prisoners subject to restrictions imposed by their jailers. And they have limited resources provided by the State. So does that kind of render it, your proposed rule, somewhat problematic since it's apparently questionable whether such petitioners have the regular access to a notary as others, as those who are not in the prison system have? Your Honor, that is a concern. However, in this case, for example, we know that Petitioner had access to a notary. He later filed a notarized affidavit that was a part of it. Well, we have to move further than this defendant. Sure, sure. And our office will acknowledge that sometimes the notary may not be available on the exact day. However, under our proposal, the circuit court can fashion a remedy in part by ordering compliance with the verification requirement within a certain number of days. In the absolute worst case scenario where defendant says that he can't, you know, defendant files an unverified petition, the circuit court dismisses it without prejudice and says, you know, refile with a verified affidavit. Petitioner writes in and says, I can't get access to a notary. Well, first of all, we believe that, well, we know that the trial court can basically let it slide by allowing the 90 days to run and letting it go to second stage proceedings. That would fix the problem in the individual case. Even if that fails and Petitioner's, the petition is eventually denied for failure to comply, once Petitioner can get access to a notary, we don't think that there's indefinite lack of access to a notary in the prisons. I don't think anyone is positive of that. Petitioner can then file a verified petition. If it's untimely, he can argue lack of culpable negligence, and that seems like it would be a successful argument. So there is, there are layers of protection, even if Petitioner does not have access to a notary. I would also note that the occasional lack of access to a notary did not prevent this Court in Collins from dismissing petitions with prejudice because of failure to file an affidavit in compliance with 122-2. I understand that there are other things at play with 122-2. Unless this Court has any further questions, we would ask this Court to affirm the Circuit Court's dismissal of Petitioner's petition without prejudice and order it to be amended to grant Petitioner leave to refile within a specified number of days specified by the trial court. Thank you, Your Honors. I want to first point out that at one point my opponent mentioned the fact that if a defendant is not able to file a petition to a notary, that he could always allege that his failure to notarize his document was not due to his own culpable negligence. In reality, our Act doesn't provide for that. Section 122-1B does not have the safety valve that exists in 122-2, for example, or even 122-1C, you know, where the defendant either complies or has to provide an explanation for why he can't. I think that is actually a strong indication that this was something, a function, that the legislature originally anticipated an attorney would handle. It's a rather, it's a quick, unexplained provision that it should be, the pleading should be verified by affidavit, which, again, is a common requirement for a filing. We are not certainly saying that it should never be verified by affidavit, but we're saying that if this is handled at the second stage, when the client has an attorney and even has a duty under Supreme Court Rule 651C to shape the petition up into proper form to fully present the pleadings, that this attorney then can much, it is way more easy for an attorney to obtain a notarized signature than it is for a prisoner to get a signature notarized while in prison. Moreover, an attorney is in a position to explain to his client what perjury is, what you're saying, the legal significance of having your signature notarized. And perhaps to make sure that his client is not committing perjury by altering the claims, if need be, and bringing them into line with reality. Where does that take us following what happened? I'm sorry? If this goes to second stage, and you've just indicated an attorney could get it notarized, does that take care of the objection in second stage under Beauclair and the timeliness? The timeliness issue was still there. It was something that the State had to raise, if I understand that correctly. Are you suggesting here that if it goes to second stage, the attorney can notarize the affidavit, the problem is gone, or is it still a basis for objection by the State? Well, I think if the defendant, after being informed by his attorney about the implications of perjury, refuses to affect it.  Assuming he signs it. Well, if he does and it turns out that he's verified his pleadings and it turns out he did not bring them in good faith or truthfully after having verified under a notarized statement that he had, I believe he would probably face perjury charges. But. I'm just asking procedurally. Once the notary, once the attorney notarizes the affidavit and corrects the deficiency or the defect, is it still a basis for the State to object that it was not properly commenced or is that passed? And if it's passed, doesn't that mean no petitions ever have to be notarized until second stage? Yeah. I believe that would be true. I believe that properly commenced then would be. So have we written that out of the statute, the affidavit requirement, if we say that it's a second stage and the attorney can correct it and it's no longer a basis for objection? No. I think what we would say is that we require a complete pleading and that would include citation to authority as well and all relevant facts, but that we don't expect the pro se Petitioner to have that prior to the appointment of counsel and that what we've done is we have set up a kind of a, it's an unusual procedure. There aren't, I don't know if there are any other statutes that have this where after something is pled, I mean is filed, the court does an independent examination and just determines, a limited examination, it just determines are these claims arguable in law, in fact. And as long as they are, then we let it go to the point where we appoint counsel. I do know that this was both to manage the number of petitions that are filed, to be able to sort out the ones that just plainly are not, where the claim is just not worth pursuing, but on the other hand, it is to afford indigent people a chance in prison, a chance to submit their claim and to have it reviewed and to have and if there is something to it, if it does state the gist of a constitutional claim, to let them have counsel to properly present it to the court. Keeping with Justice Carmer's question regarding writing it out of the statute and dovetailing into what Mr. McLeish said about no consequence, I mean, why would any defendant follow the statute then? Well, I think that most defendants, I don't know why they would or whether they would be inclined to cease seeking notaries. They may in prison because it is so difficult. They may prefer to have an attorney to help them. But I don't think that hurts anything here. The affidavit itself does not have any bearing on whether or not the substantive merits of the claim are, have a base, an arguable basis in law and fact. And the consequence occurs at the second stage if the defendant did perjure himself or herself. Yes, which is where we would discover it anyway. Because we have to presume all the allegations are true. We take them as true at the first stage. If there's no further questions, I thank Your Honors and ask you to afford my client the relief request in our briefing. Thank you. Case number 115-638, People of the State of Illinois v. Peter Tomlinson will be taken under advisement as agenda number five. Ms. Hamel, Mr. Fleish, thank you for your arguments and you're excused at this time.